UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Lissa Jacobson,**

      **Plaintiff,**         Civil Action No. 11-13441

  vs.                    District Judge Bernard A. Friedman

**Aurora Loan Services, LLC,**    Magistrate Judge Mona K. Majzoub

      **Defendant.**

_____/

**Order**

With this case, Plaintiff Lissa Jacobson seeks to set aside a foreclosure of a residence. She alleges that Defendant Aurora Loan Services, LLC breached its contract with Plaintiff and violated several Michigan foreclosure statutes. Before the Court is Plaintiff's motion to amend her complaint to add Orlans Associates, PC, the alleged foreclosing attorneys, as a defendant. (Dkt. 9.) The Court has been referred this motion for determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Dkt. 10.) The Court has reviewed the pleadings, dispenses with a hearing, and issues this order.[1]

**I.**    **Background**

On July 1, 2011 Plaintiff filed a breach of contract and a violation of Michigan foreclosure laws action against Defendant Aurora in Michigan state court. (Dkt. 1, Notice of Removal ¶ 1.) In early August, 2011 Defendant Aurora, a Delaware limited liability company with its principal place of business in Colorado, removed the case pursuant to 28 U.S.C. § 1441(a). (Dkt. 1.) Over two

---

[1] The Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

months later, on October 25, 2011, Plaintiff filed this motion to amend her complaint, to add Orlans as a defendant. (Dkt. 9.)

## II. Analysis

The Court first notes that adding Orlans as a defendant would destroy this case's complete diversity–Plaintiff is a Michigan resident, Orlans is a Michigan professional corporation. (Dkt. 9, Ex.1, Proposed Am. Compl. ¶ 3.) If diversity is destroyed, the Court would be required to send this case back to state court.

Because Defendant Aurora properly removed the case, 28 U.S.C. § 1447(e) governs Plaintiff's request to add a non-diverse defendant that would require the Court to send the case back to state court.[2] That section states, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

While the statute "appears to entrust the decision to allow joinder of a jurisdiction-destroying party to the court's discretion," the Court must consider "the diverse defendant's interest . . . together with four other factors[.]" *J. Lewis Cooper Co. v. Diageo N. Am., Inc.* 370 F.Supp.2d 613, 618 (E.D.Mich. 2005) (Lawson, J.) (citations and quotation marks omitted). These factors are:

> (1) the extent to which the purpose of the amendment is to defeat jurisdiction; (2) whether the plaintiff was dilatory in seeking the amendment; (3) whether the plaintiff will be injured significantly if the amendment is not allowed; and (4) any other factors bearing on the equities.

*Id.*

---

[2]*See Haskin v. Crop Prod. Servs., Inc.*, 11-1050, 2012 WL 951638, at *2 (W.D.Mich. Mar. 20, 2012) (Bell, J.) (Holding that 28 U.S.C. § 1447(e), rather fraudulent joinder, "applies because the non-diverse party was not added until after removal.") (citation omitted).

Here, the Court finds that these factors weigh in Defendant Aurora's favor and the Court will deny Plaintiff's motion to amend. As to the first factor, the Court finds that Plaintiff's motion's purpose was to defeat federal jurisdiction. The Court finds Plaintiff's motive in filing the motion suspect–Plaintiff filed her complaint in early July, 2011; Defendant Aurora removed the case roughly a month later; and Plaintiff did not file her motion to amend until over two months after that date, although she had all the information against Orlans in her complaint. (*See* Pl.'s Mot. at 2, stating, "[t]he additional information concerning Orlans is contained in Exhibits attached to the Complaint.) Plaintiff offers no compelling explanation for her failure to include Orlans at the beginning of this case. Plaintiff only states that the case is in its early states and that there has been "no undue delay . . . and no bad faith[.]" (*Id*. at 3.) The Court disagrees. Plaintiff had all the information at her disposal to include Orlans from the beginning, yet she did not include it and has not offered any reason why not. *See Eastman v. The Peggs Co., Inc.*, 08-12036, 2008 WL 2714429, at *2 (July 8, 2008) (Cleland, J.) (explaining, "at the time the case was filed in state court, [the plaintiff] had every reason to know of [the proposed defendant] and any potential claim against him individually."). The Court therefore finds that Plaintiff's purpose is to send this case back to state court.

While the Court recognizes that Plaintiff would be prejudiced "to the extent that if [s]he chose to proceed against [the proposed defendant,] [s]he would have to maintain parallel actions against separate defendants in difference courts." *Eastman*, 2008 WL 271429, at *2. This factor, the Court finds, weighs in favor of Plaintiff.

As to equity, the Court finds that equity favors Defendant Aurora. "While Plaintiff as master of his complaint is entitled to some solicitude, in certain circumstances the die is cast once a

defendant acts in reliance on the contours and scope of a considered complaint." *Eastman*, 2008 WL 271429, at *3. Here, as in *Eastern*, although "no discovery has taken place, Defendant has already made a measurable investment in ensuring a federal forum, which investment should not be lost to a motion to amend aimed, in the main, at frustrating Defendant's efforts and precluding federal jurisdiction." *Id*.

Although Plaintiff will suffer some prejudice if she pursues her claims against Orlans in state court, the Court finds that her delay in attempting to add Orlans and the fact that Orlans would destroy diversity evidences her ill-intent in filing this motion. The Court therefore DENIES Plaintiff's motion to amend.

## NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: April 9, 2012           s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: April 9, 2012           s/ Lisa C. Bartlett
                                Case Manager